Brian J. Chabarek, Esq. (ID No. 020591995)
Michael J. Connolly, Esq. (ID No. 025461992)
**DAVISON, EASTMAN, MUÑOZ, PAONE, P.A.**
Monmouth Executive Center
100 Willow Brook Road, Suite 100
Freehold, NJ 07728
Tel: 732-462-7170
Fax: 732-462-8955
*Attorneys for Defendant*
*JR Security Consultant And Protection, LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHARLENE BRAITHWAITE-LOVETT, and JAMIYL LOVETT, as Class Representatives<br><br>         Plaintiffs,<br><br>   v.<br><br>JR SECURITY CONSULTANT AND PROTECTION LIMITED LIABILITY COMPANY, and JOHN DOES 1-5 and JOHN DOES 6-10<br><br>         Defendants. | Civil Action No.:<br><br><br><br><br><br>**NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant JR Security Consultant And Protection, LLC ("**Defendant**"), hereby submits this Notice of Removal of the action entitled, *Charlene Braithwait*e *and Jamiyl Lovett, as Class Representatives v. JR Security Consultant and Protection Limited Liability Company, and John Does 1-5 and John Does 6-10* pending in the Superior Court of New Jersey, Law Division, Monmouth County, Docket Number MON-L-002493-23 (the "**Action**") to the United States District Court for the District of New Jersey.

1

1.      Plaintiffs Charlene Braithwaite and Jamiyl Lovett, "as Class Representatives" ("**Plaintiffs**"), commenced the Action by filing a Complaint (the "**Complaint**") on August 10, 2023 in the Superior Court of New Jersey, Law Division, Monmouth County (the "**State Court**") together with a Case Information Statement.

2.      In the Action, Plaintiffs also filed an Affidavit of Service in the State Court on September 14, 2023.   The State Court issued a Track Assignment Notice filed on the docket in the Action on August 11, 2023.  There have been no other filings in the State Court in the Action.

3.       Pursuant to 28 U.S.C. § 1446(a), a copy of the all the process, pleadings and orders served upon Defendant filed in the Action are attached hereto as **Exhibit A.**

4.      This Notice of Removal is timely under the provisions of 28 U.S.C. § 1446(b)(1), as 30 days has not expired from the date Defendant received, through service of process or otherwise, a copy of the initial pleading setting forth the claim for relief upon which the Action is based.   Defendant received the initial pleading on September 12, 2023 via personal service upon Defendant's Registered Agent/CEO, Mr. Joseph Walker.   Such service occurred within 30 days of the filing of this Notice of Removal.

5.      This Notice of Removal is based, pursuant to 28 U.S.C. § 1331, upon the original jurisdiction of the federal district courts over all civil actions arising under the Constitution, laws, or treaties of the United States.   Specifically, Count II of the Complaint alleges violations of the Fair Labor Standards Act (the "**FLSA**") which is a United States law codified at 29 U.S.C. §201 *et seq.*

6.      By virtue of the above jurisdictional authority, the Action may be removed to this Court pursuant to 28 U.S.C. § 1441.

7.      The Action is not of the type identified in 28 U.S.C. §1445 as one which may not be removed to this Court.

8.      Defendant is the only named defendant in this action and therefore, consent of no other party is needed for removal pursuant to 28 U.S.C. § 1446(b)(2).

9.      Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice thereof to Plaintiff and will file a copy of this Notice of Removal with the Clerk of State Court. A copy of the Notice of Filing of Removal is attached hereto as **Exhibit B**.

10.     This Notice of Removal is filed subject to and with full reservation of rights. No admission of fact, law or liability is intended by this Notice of Removal, and all defenses, motions and pleas are expressly reserved.

**WHEREFORE**, Defendant removes the above-captioned action now pending against it in the Superior Court of New Jersey, Law Division, Monmouth County, to the United States District Court for the District of New Jersey, wherein it shall proceed as an action originally commenced therein.

**DAVISON EASTMAN MUÑOZ PAONE, P.A.**
*Attorneys for Defendant*
*JR Security Consultant And Protection, LLC*


BY: _____
            Michael J. Connolly, Esq.

Dated:   October 5, 2023

3

## DECLARATION OF SERVICE

A copy of the foregoing Notice of Removal was served via regular U.S. mail, postage prepaid, this 5th day of October, 2023, upon Plaintiffs' counsel at the following address:

> Drake P. Bearden, Jr., Esq.
> Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins, P.C.
> 1000 Haddonfied-Berlin Road
> Suite 203
> Voorhees, NJ 08043

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Michael J. Connolly, Esq.

Dated:  October 5, 2023

4

# EXHIBIT A

**JAVERBAUM WURGAFT HICKS**
**KAHN WIKSTROM & SININS, P.C.**
BY:  Drake P. Bearden, Jr., Esquire
ATTORNEY I.D. 039202009
1000 Haddonfield-Berlin Road, Suite 203
Voorhees, NJ 08043
Telephone: (856) 596-4100 x 3050
Facsimile: (856) 702-6640
Email:  dbearden@lawjw.com
*Attorneys for Plaintiffs*

---

| | |
|---|---|
| CHARLENE BRAITHWAITE-LOVETT AND JAMIYL LOVETT as CLASS REPRESENTATIVES | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY |
| *Plaintiffs*, | Civil Action |
| v. | DOCKET NO: MON-L- |
| JR SECURITY CONSULTANT AND PROTECTION LIMITED LIABILITY COMPANY, and JOHN DOES 1-5 and JOHN DOES 6-10 | **COMPLAINT WITH JURY DEMAND** |
| *Defendants*. | |

---

Plaintiffs, Charlene Braithwaite-Lovett and Jamiyl Lovett, residing in the State of New Jersey, by way of Complaint against the Defendants, say:

## INTRODUCTION

Plaintiffs allege Defendant JR Security Consultant and Protection Limited Liability Company (hereinafter referred to as "JR Security") misclassified Plaintiffs and other Security Guards as independent contractors and failed to pay Plaintiffs and other Security Guards time-and-a-half for overtime hours worked for Defendant in violation of New Jersey's Wage Payment Law ("WPL") and the Fair Labor Standards Act ("FLSA").

## PARTIES

1.      Plaintiff Charlene Braithwaite-Lovett was, at all times relevant herein, an individual residing in the State of New Jersey and a former employee of JR Security.

2.     Plaintiff Jamiyl Lovett was, at all times relevant herein, an individual residing in the State of New Jersey and a former employee of JR Security.

3.     Defendant JR Security was, at all times relevant herein, a corporation registered and operating in the State of New Jersey with its principal business address at 55 Monmouth Road, Oakurst, NJ 07755.

## CLASS ACTION AVERMENTS

4.     Plaintiffs bring this case on behalf of themselves and all others similarly situated.

5.     Plaintiffs and similarly situated Security Guards employed on or after the date six years immediately preceding the filing date of this Complaint, have been willfully misclassified as independent contractors instead of employees and denied overtime pay for hours worked in excess of 40 hours per week.

6.     The number of Security Guards working for Defendant during the years relevant to this claim is unknown, but it is averred that this number is so numerous that joinder of all members of the putative class would be impracticable.

7.     There are questions of law or fact common to the class, inasmuch as the mechanism of injury is identical for all Plaintiffs in that they are all Security Guards working for Defendant in the State of New Jersey, and the mechanism of harm is identical for all in that they have been misclassified as independent contractors and not paid time-and-a-half for hours worked in excess of 40 hours per week.

8.     The claim of Plaintiffs are identical, in fact and in law, to the claims of the class.

9.     The defenses to the claims of Plaintiffs are identical, in fact and in law, to the claims of the class.

10.     The prosecution of separate actions by individual Plaintiffs would bear a risk of

inconsistent or varying results with respect to individual members of the class that might therefore establish incompatible standards of conduct for Defendant opposing the class.

11.     As well, the prosecution of separate actions by individual members of the class would pose a risk of adjudications with respect to the individual claims that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication and would substantially impair or impede the ability to protect such interest.

12.     Defendant has acted and/or refused to act on grounds generally applicable to all potential class members, therefore making appropriate injunctive relief or a corresponding declaratory relief with respect to the class as a whole desirable.

13.     Questions of law and fact common to the members of the class predominate over any questions which affect individual members.

14.     A class action is a superior vehicle to other available methods for the fair and efficient adjudication of this controversy.

15.     The interests of the members of the potential class and individually controlling the prosecution or defense of the separate actions is or should be secondary to the interests of adjudicating the broader social issue represented by the alleged illegal conduct.

16.     Upon information and belief, there is no other identical litigation regarding these specific issues against Defendant in this matter or on behalf of any potential class members in the State of the New Jersey.

17.     It is desirable to concentrate the litigation of these claims in one forum, at one time, since specific illegal conduct is alleged to all members of the class, and since one standard of conduct should emerge therefrom.

18.     It will not be difficult to manage this action, since it is not anticipated that there

will by any unique individual issues affecting claims or class members that would predominate over the allegations above.

## ALLEGATIONS AS TO THE EMPLOYEES

19.     For the past six years, up until today, Defendant hired employees, including Plaintiffs, to work as Security Guards.

20.     Defendant hired Plaintiffs and the other Security Guards as independent contractors.

21.     Plaintiffs and the other Security Guards routinely worked in excess of 40 hours per week.

22.     When Plaintiffs and the other Security Guards worked in excess of 40 hours per week, they were not paid time-and-a-half for the hours worked in excess of 40, as required pursuant to the WPL and FLSA.

23.     Plaintiffs and the other Security Guards were in fact employees of Defendant as defined by the WPL and FLSA.

24.     Plaintiffs and the other Security Guards were required to follow Defendant's instructions regarding where and when to perform their jobs and provide security services.

25.     Plaintiffs and the other Security Guards could be penalized or terminated for missing scheduled shifts.

26.     Plaintiffs and the other Security Guards were required to follow requirements and rules imposed on them by Defendant and were subject to termination, based on Defendant's discretion.

27.     Plaintiffs and the other Security Guards could be disciplined or terminated for their failure to adhere to Defendant's requirements including, but not limited to, rules regarding

their conduct with clients, their appearance at the job, their timeliness in appearing for the job, and their conduct while performing the job.

28.     Plaintiffs and the other Security Guards were required to call management at Defendant to check in every five to ten minutes, and confirm they were in fact performing security services for the clients.

29.     Plaintiffs and the other Security Guards used vehicles and other equipment provided by Defendant.

30.     Plaintiffs and the other Security Guards wore uniforms associated with Defendant.

31.     Plaintiffs and the other Security Guards' services were fully integrated with Defendant's business.

32.     Plaintiff Braithwaite-Lovett began working for Defendant as a Security Guard in May 2022.

33.     Plaintiff Braithwaite-Lovett is no longer employed by Defendant.

34.     Plaintiff Lovett was employed with Defendant in the year 2019.

35.     Defendant terminated Plaintiff Lovett because of his appearance, in particular because Plaintiff Lovett wore an item associated with his religion.

## **LEGAL CLAIMS**

36.     Defendant is an employer as such is defined by the WPL and FLSA.

37.     Plaintiffs and the class of Security Guards are employees as defined by the WPL and FLSA.

38.     Defendant misclassified Plaintiffs and other employees and designated them as independent contractors when they were in fact employees as such is defined by the WPL and

FLSA.

39.    Accordingly, Defendant was required to pay Plaintiffs and the other Security

Guards one-and-a-half times their salary for any hours worked over forty (40) in any given week.

40.    Defendant failed to pay Plaintiffs and other Security Guards one-and-a-half times

their salary for any hours worked over forty (40) in any given week, but instead paid employees

their regular hourly rate.

41.    Defendant's misclassification of Plaintiffs and other Security Guards was not

done in good faith and Defendant did not have reasonable grounds for believing its act or

omission was not a violation of the WPL and FLSA.

42.    As a result of the unlawful conduct outlined above, Plaintiffs have been made to

suffer both economic and non-economic harm.

## COUNT I
## VIOLATION OF THE WPL

43.    Plaintiffs hereby repeat and reallege the preceding paragraphs as though fully set

forth herein.

44.    The conduct set forth above constitutes a violation of the WPL for the reasons set

forth above.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants jointly, severally

and in the alternative, together with unpaid overtime wages, compensatory damages including

emotional pain and suffering, interest, cost of suit, attorneys' fees, enhanced attorneys' fees,

liquidated damages, and any other relief the Court deems equitable and just.

## COUNT II
## <u>VIOLATION OF THE FLSA</u>

45.     Plaintiffs hereby repeat and reallege the preceding paragraphs as though fully set forth herein.

46.     The conduct set forth above constitutes a violation of the FLSA for the reasons set forth above.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants jointly, severally and in the alternative, together with unpaid overtime wages, compensatory damages including emotional pain and suffering, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, liquidated damages, and any other relief the Court deems equitable and just.

47.     Plaintiffs request the following equitable remedies and relief in this matter:

a.   Plaintiffs request a declaration by this Court that the practices contested herein violate New Jersey and Federal law as set forth herein.

b.   Plaintiffs request that this Court order the Defendant to cease and desist all conduct inconsistent with the claims made herein going forward, both as to the specific Plaintiffs and as to all the other class members, which includes, but is not limited to properly classifying Security Guards as employees and paying Security Guards one-and-a-half times their salary for hours worked in excess of 40 hours in one week.

c.   Plaintiffs request that the Court award Plaintiffs and the class of Security Guards liquidated damages in an amount equal to their economic damages.

d.   Plaintiffs request that the Court do such other equity as is reasonable, appropriate and just.

JAVERBAUM WURGAFT HICKS KAHN
WIKSTROM & SININS, PC


By:  */s/ Drake P. Bearden, Jr.*
      Drake P. Bearden, Jr.


Dated: August 9, 2023



## DEMAND TO PRESERVE EVIDENCE

1.      All Defendants are hereby directed and demanded to preserve all physical and

electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's cause  of

action and/or prayers for relief, to any defenses to same, and pertaining to any party, including,

but not limited to, electronic data storage, closed circuit TV footages, digital images, computer

images, cache memory, searchable data, emails, spread sheets, employment files, memos, text

messages and any and all online social or work related websites, entries on social networking

sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information

and/or data and/or things and/or documents which may be relevant to any claim or defense in this

litigation.

2.      Failure to do so will result in separate claims for spoliation of evidence and/or for

appropriate adverse inferences.

JAVERBAUM WURGAFT HICKS KAHN
WIKSTROM & SININS, P.C.


*s/ Drake P. Bearden, Jr.*
Drake P. Bearden Jr.
Attorneys for Plaintiff

Dated:  August 9, 2023

8

## JURY DEMAND

Plaintiffs hereby demand a trial by jury.

**JAVERBAUM WURGAFT HICKS
KAHN WIKSTROM & SININS, P.C.**


*s/ Drake P. Bearden, Jr.*
Drake P. Bearden Jr.

## RULE 4:5-1 CERTIFICATION

1.      I am licensed to practice law in New Jersey and am responsible for the captioned matter.

2.      I am aware of no other matter currently filed or pending in any court in any jurisdiction which may affect the parties or matters described herein.

**JAVERBAUM WURGAFT HICKS
KAHN WIKSTROM & SININS, P.C.**


*s/ Drake P. Bearden, Jr.*
Drake P. Bearden Jr.

## DESIGNATION OF TRIAL COUNSEL

Drake P. Bearden, Jr., Esquire, of the law firm of Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins, P.C. is hereby designated trial counsel.

**JAVERBAUM WURGAFT HICKS
KAHN WIKSTROM & SININS, P.C.**


*s/ Drake P. Bearden, Jr.*
Drake P. Bearden Jr.

Dated:  August 9, 2023

# Civil Case Information Statement

## Case Details: MONMOUTH | Civil Part Docket# L-002493-23

**Case Caption:** BRAITHWAITE-LOVETT CHARLENE  VS JR
SECURITY CONSU

**Case Initiation Date:** 08/10/2023

**Attorney Name:** DRAKE P BEARDEN JR

**Firm Name:** JAVERBAUM WURGAFT HICKS KAHN
WIKSTROM & SININS

**Address:** 1000 HADDONFIELD-BERLIN RD STE 203
VOORHEES NJ 08043

**Phone:** 8565964100

**Name of Party:** PLAINTIFF : BRAITHWAITE-LOVETT,
CHARLENE

**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** EMPLOYMENT (OTHER THAN CEPA OR LAD)

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** YES

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: CHARLENE BRAITHWAITE-
LOVETT?** NO

**Are sexual abuse claims alleged by: JAMIYL LOVETT?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
    **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** YES  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

08/10/2023
Dated

/s/ DRAKE P BEARDEN JR
Signed

```
MONMOUTH COUNTY
SUPERIOR COURT
PO BOX 1270
FREEHOLD          NJ 07728
                                    TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (732) 358-8700
COURT HOURS  8:30 AM - 4:30 PM

                         DATE:   AUGUST 10, 2023
                         RE:     BRAITHWAITE-LOVETT CHARLENE  VS JR SECURITY CONSU
                         DOCKET: MON L -002493 23

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

     DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON RICHARD W. ENGLISH

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      003
AT:  (732) 358-8700 EXT 87549.

      IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
      PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                         ATTENTION:
                              ATT: DRAKE P. BEARDEN
                              JAVERBAUM WURGAFT HICKS KAHN W
                              1000 HADDONFIELD-BERLIN RD
                              STE 203
                              VOORHEES          NJ 08043

ECOURTS
```

CHARLENE BRAITHWAITE-LOVETT     Plaintiff

vs.

JR SECURITY CONSULTANT AND PROTECTION LIMITED LIABILITY COMPANY     Defendant

Superior Court of New Jersey
Law Division
MONMOUTH County
Docket Number: MON-L-2493-23

## AFFIDAVIT OF SERVICE

(For Use by Private Service)

**Person to be served** (Name & Address):
JR SECURITY CONSULTANT AND PROTECTION LIMITED LIABILITY COMPANY
197 WALL STREET
SUITE 5
WEST LONG BRANCH, NJ

**Attorney:**
JAVERBAUM WURGAFT HICKS KAHN WIKSTROM & SINNIS, P.C.
1000 Haddonfield-Berlin Rd.
Suite 203
Voorhees, NJ 08043

**Papers Served:** SUMMONS AND COMPLAINT, TAN, REQUEST FOR PRODUCTION OF DOCS. and INTERROGATORIES

**Service Data:**

Served Successfully__X__ Not Served_____ Date: 9/12/2023 Time: 1:35 pm Attempts:_____

_____ Delivered a copy to him / her personally

_____ Left a copy with a competent household member over 14 years of age residing therein

___X___ Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc.

Name of Person Served and relationship / title:

JOSEPH WALKER

REGISTERED AGENT/CEO

**Description of Person Accepting Service:**

Sex: M Age: 55 Height: 5'7 Weight: 180 Skin Color: WHITE Hair Color: BLACK

**Unserved:**

( ) Defendant is unknown at the address furnished by the attorney
( ) All reasonable inquiries suggest defendant moved to an undetermined address
( ) No such street in municipality
( ) No response on: _____Date _____Time
_____Date _____Time
( ) Other: _____

**Comments or Remarks:**

**Server Data:**

Subscribed and Sworn to before me on the 13th day of September, 2023 by the affiant who is personally known to me.

NOTARY PUBLIC

CHRISTOPHER J. MULLEN
Commission # 2389225
Notary Public - State of New Jersey
My Commission Expires
September 03, 2024

I, Pat Williams, was at the time of service a competent adult not having a direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

Signature of Process Server     9/13/23 Date

COURT HOUSE LEGAL SERVICES, INC.
112 Haddontowne Ct, Ste. 304
Cherry Hill, NJ 08034
(856) 428-4700
Our Job Serial Number: CHL-2023009554
Ref: BRAITHWAITE-LOVETT

# EXHIBIT B

Brian J. Chabarek, Esq. (ID No. 020591995)
Michael J. Connolly, Esq. (ID No. 025461992)
**DAVISON, EASTMAN, MUÑOZ, PAONE, P.A.**
Monmouth Executive Center
100 Willow Brook Road, Suite 100
Freehold, NJ 07728
Tel: 732-462-7170
Fax: 732-462-8955
*Attorneys for Defendant*
*JR Security Consultant And Protection, LLC*

| | |
|---|---|
| CHARLENE BRAITHWAITE-LOVETT, and JAMIYL LOVETT, as Class Representatives<br><br>Plaintiffs,<br><br>v.<br><br>JR SECURITY CONSULTANT AND PROTECTION LIMITED LIABILITY COMPANY, and JOHN DOES 1-5 and JOHN DOES 6-10<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: MONMOUTH COUNTY<br><br>Docket No.  MON-L-002493-23<br><br><u>Civil Action</u><br><br>**NOTICE OF FILING**<br>**NOTICE TO REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY** |

**TO:**   Clerk
Superior Court of New Jersey
Law Division, Monmouth County
Monmouth County Courthouse
71 Monument Street
Freehold, NJ 07728

**PLEASE TAKE NOTICE** that Defendant JR Security Consultant and Protection, LLC filed a Notice of Removal in the Office of the Clerk of the United States District Court for the District of New Jersey, Trenton Vicinage.

A copy of the Notice of Removal is attached hereto as **Exhibit "B"**.

**DAVISON EASTMAN MUÑOZ PAONE, P.A.**
*Attorneys for  Defendant*
*JR Security Consultant And Protection, LLC*


BY: _____
          Michael J. Connolly, Esq.

Dated:   October 5, 2023